UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00 - 6135

SCOTT MALISON,

        Plaintiff,

vs.

LYONS PLAZA TIRE AND
AUTO CENTER, INC., a
Florida corporation,

        Defendant.

_____/

CIV - FERGUSON

MAGISTRATE JUDGE
SNOW

## **COMPLAINT**

COMES NOW the Plaintiff, SCOTT MALISON, by and through his undersigned

counsel, and sues the Defendant, LYONS PLAZA TIRE AND AUTO CENTER, INC., and

as grounds therefor state as follows:

1.    The Plaintiff, SCOTT MALISON, is an Auto Mechanic who is a former

employee of Defendant, LYONS PLAZA TIRE AND AUTO CENTER, INC., and brings this

action for compensation and other relief under the Fair Labor Standards Act, as amended

(the "Act"), 29 U.S.C. § 201, et seq.  Plaintiff also seeks relief pursuant to the

supplemental jurisdiction of this Court for violation of Florida Statutes on account of

Defendant's wilful failure to pay wages, and refusal to return personal property belonging

to the Plaintiff.  The facts and circumstances of the pendent State Court claim are

inextricably intertwined with the Federal cause of action and, accordingly, it is appropriate

for these actions to be brought together.

2.    Plaintiff is a citizen and resident of Broward County, Florida, within the jurisdiction of the Court.

3.    Defendant, LYONS PLAZA TIRE AND AUTO CENTER, INC., is a corporation engaged in the business of providing auto repair services in Broward County, within the Southern District of Florida.

4.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4).   The Court has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.  The Court has supplemental jurisdiction over the Florida-based statutory claims pursuant to 28 U.S.C. § 1367.

## FACTS

5.    On or about December 23, 1999, Plaintiff was employed as a Mechanic by Defendant, and was to be compensated on an agreed rate of $12.81 per hour for his services.

6.    Prior to December 23, 1999, Plaintiff had requested to take a vacation, and was approved to take a vacation, and advised his employer that he would be purchasing airline tickets to fly to New York, and he did purchase such tickets.

7.    On December 23, 1999, when it was time for Plaintiff to leave for his vacation, Defendant refused to permit Plaintiff to leave, with knowledge that Plaintiff would miss his flight to New York if he honored Defendant's demand to refrain from leaving the work place. Nevertheless, Plaintiff followed his conscience and left his place of employment in order to travel to New York on a pre-paid and arranged flight.

8.    As a result of Plaintiff's insistence upon taking his vacation, Defendant terminated his employment.

9.    Moreover, Defendant refused to pay Plaintiff for his final week of employment and retained such funds and also refused to permit Plaintiff to remove his personal equipment from Defendant's work place.

10.    As a condition of Plaintiff's employment with Defendant, Plaintiff bought his personal tools with a value in excess of $6,000.00, and stored his tools in the work place as is customary in Defendant's business.

11.    In the final week of Plaintiff's employment with Defendant, he worked 54.5 hours, and would have been entitled to straight time pay at the rate of $12.81 per hour, plus overtime for the last 14.5 hours at the rate of $19.22 per hour.

12.    At all times pertinent to this Complaint, Defendant regularly operated a business engaged in the auto repair industry.  Upon information and belief, the annual gross revenue of Defendant exceeds $500,000.00 per annum.  By reason of the foregoing, Defendant is an enterprise engaged in commerce or in the production of goods for commerce, as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203 (s). In addition, Defendant utilized goods in commerce, engaged in commerce, and had its workers engage in commerce, including Plaintiff, as part of his employment.

13.    The work performed by Plaintiff was directly essential to the business operations of Defendant which was directly essential to the business performed by Defendant and Plaintiff, himself, was engaged in interstate commerce in performing his responsibilities.

## COUNT I

Plaintiff realleges and reavers Paragraphs 1 through 13, and further alleges as follows:

14.    By failing to pay Plaintiff any wages for the time worked in his final week of employment, Defendant violated 29 U.S.C. § 206, thus entitling Plaintiff to relief pursuant to 29 U.S.C. § 216(b).  The conduct of Defendant in failing and refusing to pay minimum wage to Plaintiff was wilful and intentional, thus justifying the imposition of liquidated damages in an amount equal to his actual damages pursuant to the Act.

WHEREFORE, the Plaintiff, SCOTT MALISON, seeks damages in the form of unpaid minimum wage for the 40 hours he worked in his final work week, plus an overtime premium for the additional 14.5 hours he worked in that week, liquidated damages, reasonable attorney's fees and costs of suit, and any and other relief the Court deems just and proper.

## COUNT II

Plaintiff realleges and reavers Paragraphs 1 through 13, and further alleges as follows:

15.    Defendant has failed and refused to pay wages for services rendered in Plaintiff's final week of employment.

16.    Plaintiff has been damaged in that he has not received the wages promised for the time he worked.

17.    Plaintiff has engaged the services of the services of the undersigned law firm to represent him in this action and has obligated himself to pay a reasonable fee for those services rendered.

18.    Pursuant to Florida Statutes § 448.08, Plaintiff is entitled to his attorney's fees at the time that he prevails in this action.

WHEREFORE, Plaintiff, SCOTT MALISON, demands damages, costs of suit, and his attorney's fees and whatever relief the Court deems just and proper.

**COUNT III**

Plaintiff realleges and reavers Paragraphs 1 through 13, and further alleges as follows:

19.    Defendant has converted to its own use Plaintiff's aforedescribed personal property and tools.

20.    Defendant continues to refuse to return the converted property to the Plaintiff despite his repeated demands.

21.    As a direct and proximate result of Defendant's failure to return Plaintiff's tools, Plaintiff has suffered damages, including his inability to secure new employment as a Mechanic due to the fact that he has no tools to use in his trade.

WHEREFORE, Plaintiff, SCOTT MALISON, respectfully requests that a Judgment be entered in his favor against Defendant, LYONS PLAZA TIRE AND AUTO CENTER, INC.:

A.    Ordering Defendant to return the property described above, or to award Plaintiff the value of that property; and

- 5 -

B.    Awarding Plaintiff any other and further relief that the Court deems just and property.

## COUNT IV

Plaintiff realleges and reavers Paragraphs 1 through 13, and 21, and further alleges as follows:

22.    This action is to recover possession of personal property in Broward County, Florida.

23.    The description of the property is as follows:    All of Plaintiff's tools and personal effects used in his trade.

24.    Plaintiff is unable at this time to set an approximate value for the above-mentioned property.

25.    Plaintiff is entitled to possession of the above-mentioned property.

26.    Based on Plaintiff's knowledge, information and belief, the property is located at Defendant's premises at 1509 Lyons Road, Coconut Creek, Florida 33066.

27.    The property is being wrongfully detained by Defendant.  Defendant has possession of said property and has wrongfully refused to return said property.

28.    The property has not been taken for any tax, assessment or fine pursuant to law.

29.    The property has not been taken under an execution or attachment against Plaintiff's property.

WHEREFORE, Plaintiff, SCOTT MALISON, demands Judgment for possession of his property and any damages suffered by Plaintiff as a result of Defendant's wrongful detention of the above-mentioned property.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE BY RIGHT.

Dated this 27th day of January, 2000.

> Phillips, Eisinger, Koss, Rothstein
>  & Rosenfeldt, P.A.
> **Attorneys for Plaintiff**
> 4000 Hollywood Boulevard, #265-S
> Hollywood, Florida 33021
> Tele:  954/894-8000
> Fax:  954/894-8015
>
> By: _____
>         Stuart A. Rosenfeldt
>         FBN:  316113

- 7 -

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## (a) PLAINTIFFS

SCOTT MALISON

## DEFENDANTS

LYONS PLAZA TIRE AND AUTO CENTER, INC., a Florida corporation

00-6135

CIV-FERGUSON

MAGISTRATE JUDGE
SNOW

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Broward
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME ADDRESS AND TELEPHONE NUMBER)

Stuart A. Rosenfeldt, Esq., Phillips, Eisinger, Koss, Rothstein & Rosenfeldt, P.A., 4000 Hollywood Blvd. Ste. 265-South, Hollywood, Fla. 33021 Tele: 954/894-8000

ATTORNEYS (IF KNOWN)

IF CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## I. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | B☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A OR B | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

29 U.S.C. Section 216

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $   In excess of $50,000

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____   DOCKET NUMBER _____

DATE   01/27/2000

SIGNATURE OF ATTORNEY OF RECORD   Stuart A. Rosenfeldt, Esq.

FOR OFFICE USE ONLY

RECEIPT # 518435   AMOUNT $120.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____